IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALTON JAMES NICKLEBERRY, § | |
|     Petitioner, § | |
| § | |
| v. § | NO.  3:04-CV-2727-B |
| § | Consolidated With |
| DOUG DRETKE, Director, § | NO.  3:04-CV-2728-B |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and an order of the District Court in implementation thereof, the subject cause has been previously referred to the undersigned United States Magistrate Judge.  The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type Case:** This is a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254.

**Parties:** Petitioner Alton James Nickleberry ("Nickleberry" or "Petitioner") is an inmate confined at the James V.  Allred Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") at Iowa Park, Texas.  Respondent is the Director of TDCJ-CID.

**Statement of the Case:** Upon his pleas of not guilty to the offense of aggravated sexual abuse of a child as charged in the indictments in cause numbers F-0154508-JM and F-0200239-QM, Nickleberry was tried by jury.  Petitioner represented himself during *voir dire* and the beginning portion of the trial, then elected to be represented by counsel.  The jury found Nickleberry guilty on both counts and found one enhancement paragraph true.

1

He was sentenced to forty-five years imprisonment in cause number F-0154508-JM and thirty-five years imprisonment in cause number F-0200239-QM.

Petitioner appealed to the Fifth Court of Appeals and his convictions were upheld in an opinion delivered on March 31, 2003. *Nickleberry v. State*, Nos. 05-02-00814-CR, 05-02-00815-CR, 2003 WL 1650813 (Texas App. - Dallas Mar. 31, 2003, pet. ref'd)(not selected for publication). His petitions for discretionary review were refused by the Texas Court of Criminal Appeals on June 25, 2003.

Nickleberry filed two application for habeas corpus relief pursuant to Tex. Code Crim. Proc. art. 11.07 on July 10, 2003 which were dismissed on February 18, 2004 because a direct appeal was pending. *Ex Parte Nickleberry*, No. 58,171-01, *Ex Parte Nickleberry*, No. 58,171-02. Thereafter, following the Court of Criminal Appeals's refusal of his petitions for discretionary review, he filed two art. 11.07 applications on April 16, 2004, both of which were denied without written order on December 15, 2004. *Ex Parte Nickleberry*, No. 58,171-03, *Ex Parte Nickleberry*, No. 58,171-04.

Petitioner filed his §2254 habeas petitions on December 23, 2004. Pursuant to this court's order filed March 17, 2005, both of Nickleberry's petitions were consolidated in the present action.[1] Respondent filed an answer addressing the merits of his claim and attaching the state court papers on April 7, 2005. Petitioner did not file a traverse.

**Findings and Conclusions**:

Review of Petitioner's claims is governed by the provisions of the Antiterrorism and Effective Death Penalty Act which in pertinent part provides that a federal court

---

[1] Since Nickleberry was convicted in a single trial on both criminal charges, he was not required to file separate §2254 petitions attacking his convictions. *See* R.2(e), Rules Governing Section 2254 Petitions.

cannot grant relief under § 2254 unless the adjudication of the state prisoner's claim in the state court system "resulted in a decision that involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." § 2254(d)(1) & (2).  Further, findings of fact made by a State court are presumed to be correct absent clear and convincing evidence rebutting the presumption. § 2254(e)(1).

In his first ground for relief Nickleberry contends that the trial court abused its discretion by refusing to issue subpoenas for Ms. Rena Brandford, Mr. Kenneth L. Terrell, Ms. Geraldine Ann Pleasant, and a doctor from Austin, Texas, and also a door to a residence.  In addition, the Petitioner contends that the trial court abused its discretion when it did not provide the funds for him to hire an expert medical witness to examine the victim.

As to the witnesses, the Fifth Circuit has stated in *United States v. Redd*, 355 F.3d 866, 878 (5th Cir. 2003):

> [w]hile the Sixth Amendment guarantees a defendant the right to compulsory process, the right is not absolute. *United States v. Gonzales*, 79 F.3d 413, 424 (5th Cir.1996). "When requesting a court to subpoena a witness, a defendant ... has the duty to demonstrate the necessity of the witness's testimony." *Id*. Furthermore, "the Sixth Amendment does not by its terms grant to a criminal defendant the right to secure the attendance and testimony of any and all witnesses: it guarantees him 'compulsory process for obtaining witnesses in his favor.' " *United States v. Valenzuela-Bernal*, 458 U.S. 858, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193 (1982) (quoting U.S. CONST. amend. VI). Therefore, the defendant must "at least make some plausible showing of how [the witness's] testimony would [be] both material and favorable to his defense."*Valenzuela-Bernal*, 102 S.Ct. at 3446.

Although Defendant contends that the judge ruled that he could not subpoena these witnesses, the record reflects that the judge required Defendant to send interrogatories to

3

these potential witnesses in an attempt to limit the time the trial would take.  (Reporter's Record v. 4 at 7).  Prior to *voir dire*, Defendant attempted to object that the judge had not allowed him to subpoena some out of town witnesses.  However, the judge stated that these objections would be put on the record after the State finished its case-in chief.  (*Id.* v. 6 at 17).  At the close of the State's case, neither Nickleberry nor his counsel renewed these objections.  (*Id.* v. 8 at 32-33).[2]  In fact, at the close of his case Nickleberry's counsel stated, and Petitioner agreed, that any further witnesses would merely be duplicative.  (*Id.* v. 8 at 142).  In light of Petitioner and his counsel's representations, this court cannot say that the decision of the Texas Court of Criminal Appeals was an unreasonable determination of the facts or law.  As to the door, Petitioner was allowed to present pictures of the door to the jury.  (*Id.* v. 7 at 88).[3]  Especially in light of Petitioner and his counsel's representations (*Id.* v. 8 at 142) and Petitioner's failure to submit any further objections at the close of the state's case (*Id.* v. 8 at 30-33) this court cannot say that the decision of the Texas Court of Criminal Appeals was an unreasonable determination of the facts or law.

Finally, as to his request for appointment of a  medical expert, Nickleberry has failed to allege what such an expert would have discovered or what relevant testimony the expert could have given.  Under the Sixth Amendment, a  defendant has the right to a non-psychiatric expert "only if the evidence is both critical to the conviction and subject to varying expert opinion." *See Yohey v. Collins*, 985 F.2d 222, 227 (5th Cir. 1993), *see*

---

[2]The record reflects Petitioner represented himself throughout much of the trial, although standby counsel was present.  After indicating that he no longer wished to proceed *pro se* the court permitted the attorney, Anthony Lyons, to represent Nickleberry.  (*See* Reporter's Record v. 7 at 119; 123-26).

[3]The relevance of the door, itself, to any issue in the case is at best highly dubious.

4

*also Moore v. Johnson*, 225 F.3d 495, 503-04 (5th Cir. 2000).  Having failed to satisfy this standard, the claim fails to present a cognizable ground for relief.

In his second ground for relief, Nickleberry contends that the prosecution withheld exculpatory evidence, specifically the medical records of the victim dating from 1997, Child Protective Services documentation showing that the victim had at one time lived with man later charged with both rape and aggravated assault of a child, and Child Protective Services notes indicating that the victim was a liar and manipulative.   To prevail on a claim under *Brady v. Maryland,* 373 U.S. 83, 83 S. Ct. 1194 (1963), the Defendant must establish that his due process rights were violated by proving that: 1) the prosecution suppressed or withheld evidence; 2) the evidence was favorable to the defense, and 3) the evidence was material to either guilt or punishment.  *United States v. Fisher,* 106 F.3d 622, 634 (5th Cir. 1997) (quoting *Westley v. Johnson,* 83 F.3d 714, 725 (5th Cir. 1996), *cert. denied,* 519 U.S. 1094,117 S. Ct. 773 (1997)).  Plaintiff has presented no evidence establishing the existence of such reports, let alone that such reports constituted *Brady* materials.  No basis for relief is presented.  *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

In his third ground for relief, Nickleberry contends that the district attorney made an improper comment during voir dire.  To be entitled to relief, Petitioner must show that the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *E.g., Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 1871 (1974).  A review of the comment (*See* Reporter's Record v. 6 at 78) demonstrates that Petitioner cannot satisfy this requirement.

In his fourth ground for relief, Petitioner contends that the court abused its

5

discretion when it allowed the prosecutor to bring up one of his prior convictions on cross examination. His prior felony convictions were referred to by both his mother, Floyzell Nickleberry (Reporter's Record v.8 at 54-60) and in his own direct examination. (*Id.* at 90-91). Moreover, since no objection was made to the prosecutor's question (*Id.* at 120), Nickleberry waived any objection which might otherwise have been raised.

In his fifth ground for relief, Petitioner complains that the district court allowed the introduction of a videotape of the victim in which she identified him as the perpetrator despite having previously ruled that the tape was inadmissible. Although Petitioner states that the state trial court ruled the tape inadmissible, it is apparent from the record that the court rejected Nickleberry's attempt to have the videotape excluded as evidence. (Reporter's Record v. 3 at 12-13). Nickleberry did not object to the admission of the videotape at the time it was presented. (*Id.* v. 7 at 137).

In pre-AEDPA decisions by the Fifth Circuit which address evidentiary rulings in the context of state criminal trials the court has held that it is irrelevant whether a specific evidentiary determination is erroneous under state law; a petitioner is not entitled to federal habeas relief unless "the evidentiary ruling has resulted in a denial of fairness under the due process clause." *Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983), *see also Neal v. Cain,* 141 F.3d 207, 214 (5th Cir. 1998). "Even the erroneous admission of prejudicial evidence can justify habeas relief only if it is material in the sense of a crucial, critical highly significant factor." *Porter*, 709 F.2d at 957. In light of the fact that the victim testified personally that Nickleberry was the assailant (Reporter's Record v. 7 at 23-32), Petitioner cannot show that the determination of the Court of Criminal Appeals was an error of fact or law.

In his sixth ground for relief, Nickleberry asserts that he was denied effective assistance of counsel because his counsel failed to disclose to the court that he was friends with the witness Daniel Johnson,[4] refused to ask questions of Ms. Johnson on cross examination on account of that friendship, refused to object to evidence presented by the state, including the videotape of the victim, and refused to call witnesses requested by Nickleberry. An attorney's conduct is governed by the standards set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). There is a strong presumption that an attorney conduct falls within the broad range of reasonable professional assistance required under the Sixth Amendment. *Id.* at 690, 104 S.Ct at 2065. To overcome this presumption a habeas petitioner must establish that the attorney conduct was constitutionally deficient (cause) and that but for such unprofessional errors the result probably would have been different (prejudice). Failure to prove either prong of the two part test forecloses relief. *Id* at 694, 104 S.Ct. at 2068.

Aside from the fact that Daniel Johnson did not appear as a witness, Nickleberry has failed to set out questions which an attorney should have asked Ms. Johnson, but which were not propounded, nor has he presented any competent evidence to establish a relationship between his trial attorney and Ms. Johnson, from which a conflict of interest could be inferred. Although Petitioner has stated the names of uncalled witnesses, he has provided no competent evidence as to what these witnesses might have testified to or their availability on the date of the trial. *See, e.g., Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2003). In fact, the record reflects that his counsel reported that any further witnesses would be redundant and Nickleberry concurred in that decision. (Reporter's

---

[4] The only witness with the surname Johnson who testified at trial was Jamie Johnson, an investigator with Child Protective Services. (Reporter's Record v. 7 at 126 *et seq.*).

Record v. 8 at 142). Petitioner has therefore shown neither cause nor prejudice on his ineffective assistance of counsel claims. The record reflects that Petitioner himself stated "no objection" to the introduction of the videotaped interview of the victim witness. (*Id.* v.7 at 136-37). Therefore, he has no basis to complain.

In his seventh ground for relief, Nickleberry asserts that the evidence is factually insufficient to support his conviction. Factual insufficiency is a creation of Texas law whereby the reviewing court scrutinizes the fact finder's weighing of the evidence. *Clewis v. State,* 922 S.W.2d 126, 133 (Tex. Crim. App. 1996).[5] As Petitioner's claim is based entirely on Texas law, it does not support a claim for relief under federal habeas law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480 (1991).

In his eighth ground, Nickleberry contends that due process was violated when the witness Shukura Wilson stated that he was in jail in response to the prosecutor's questioning. (*See* Reporter's Record v. 7 at 62-63). As noted *supra*, the erroneous admission of evidence must be crucial and critical to constitute a Constitutional violation. *See Porter*, 709 F.2d at 957. In light of the numerous references to Nickleberry's past criminal record which were placed before the jury (*See, e.g.,* Reporter's Record v. 8 at 90-91) the witnesses's remarks did not violate his due process rights, nor can it be said that the Court of Criminal Appeals erred in refusing relief on this ground.

---

[5] In *Clewis*, the Court of Criminal Appeals made clear its understanding that the *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781 (1979) analysis of the legal sufficiency of the evidence was a different standard of evaluating the evidence than that applied to the factual sufficiency of the evidence under Texas state statutory and constitutional law, and the denial of relief under the Supreme Court's *Jackson v. Virginia* standard did not preclude a Texas appellate court from considering a claim that the evidence was factually insufficient. *Clewis v. State*, 922 S.W.2d at 132-33. Unlike the *Jackson* standard which required that the evidence be reviewed in the light most favorable to the prosecution, "a factual sufficiency review dictates that the evidence be viewed in a neutral light, favoring neither party." *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).

**RECOMMENDATION:**

Petitioner has failed to show that he is entitled to relief pursuant to 28 U.S.C. §2254. Specifically, he has failed to establish that the decision of the Texas Court of Criminal Appeals constituted a decision which met the prerequisites of §2254(d) (1) or (2). It is therefore recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to the Petitioner and to counsel for Respondent.

SIGNED this 2nd day of June, 2005.

*[signature: Wm.F. Sanderson, Jr.]*

Wm. F. Sanderson Jr.
United States Magistrate Judge

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Sers.. Auto Ass n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.